Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 96 C 50112 | DATE | 12/29/2000 |
| CASE TITLE | DeKalb vs. Pioneer | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached order, the Report and Recommendation of the Special Master is accepted as clarified and Pioneer's motion in limine is denied as set forth.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | DEC 29 2000 date docketed | 519 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2000 DEC 29 PM 1:56 | 12/29/2000 date mailed notice | |
| SW courtroom deputy's initials | | Date/time received in central Clerk's Office | SW mailing deputy initials | |

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DEKALB GENETICS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 96 C 50112 |
| ) | |
| PIONEER HI-BRED ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

### Introduction

On August 22, 2000, defendant herein, Pioneer Hi-Bred International, Inc. ("Pioneer"), and defendant Mycogen Corporation ("Mycogen") in 96 C 50241 each filed motions in limine seeking to preclude plaintiff, DeKalb Genetics Corporation ("DeKalb"), from offering evidence of simultaneous conception and reduction to practice at trial. The issue of the exclusion of such evidence has been fully briefed by all the parties and was referred to the Special Master for consideration. The Special Master's Report and Recommendation was submitted to the court and filed on October 24, 2000 and the parties have been afforded the opportunity to make objections to the Special Master's Report in accordance with Fed.R.Civ.P. 53(e).

Pioneer did not submit any objections to the Special Master's Report while Mycogen submitted objections.[1] DeKalb has filed objections which will be addressed in the court's review of the Special Master's Report.

This court accepts the Special Master's recommendation to deny Pioneer's motion in limine for a ruling that, as a matter of law, conception and reduction to practice were not simultaneous. This court, in addition, accepts the Special Master's recommendation that Pioneer's motion in limine be denied to the extent it seeks to preclude factual scientific evidence offered by DeKalb going to any assertion of simultaneous conception and reduction to practice. The court further accepts with clarification the Special Master's recommendation as to jury instruction on evidence of simultaneous conception and reduction to practice. Finally, the Special Master's recommendation is also accepted, subject to the clarification set forth below, precluding argument, discussion or opinion testimony concerning the rule of law relating to simultaneous conception and reduction to practice.

---

[1] On November 15, 2000, DeKalb dismissed its claim of infringement of the '877 patent in 96 C 50241 and Mycogen's motion in limine was denied as moot. Accordingly, Mycogen's objections will not be considered.

2

## DeKalb's Objections

First, DeKalb objects to the Special Master's suggested limitation of the testimony to be offered by DeKalb's expert, Dr. Everett, concerning simultaneous conception and reduction to practice. This court agrees with the Special Master's recommendation as to the limitations on Dr. Everett's testimony and sets forth the following to clarify the Special Master's recommendation. That is, Dr. Everett may offer expert testimony, provided it is based on adequate scientific knowledge and/or technical opinion, see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 590 (1993); Kumho Tire Co., Ltd., et al. v. Carmichael, 526 U.S. 137 (1999), as to the relevant facts in this case concerning simultaneous conception and reduction to practice. Dr. Everett may testify as to the success and failure of experimentation directed to achieving a fertile transgenic corn plant. See Amgen, Inc. v. Chugai Pharm. Co., Ltd., 927 F.2d 1200, 1207 (Fed. Cir. 1991). Dr. Everett's testimony concerning the experimentation and verification of results may ultimately go to the simultaneous conception and reduction to practice issue and is permissible at trial. As argued by DeKalb, it is permissible that Dr. Everett be allowed to testify as to whether conception scientifically occurred here. As to whether Dr. Everett can testify it was not possible for conception to occur, Dr. Everett's opinion is acceptable provided it is grounded in the scientific

knowledge concerning the failure and success of the relevant experimentation and not the legal standard of what constitutes conception or reduction to practice.

However, Dr. Everett may not testify as to the legal consequences of his factual opinions. Dr. Everett may not offer an opinion as to whether the legal doctrine of simultaneous conception and reduction to practice applies and its consequences. Thus, the court accepts the Special Master's Report and Recommendation concerning the propriety of Dr. Everett's testimony; provided it is limited to the scientific facts and opinions as they relate to the conception and reduction to practice experimentation. The parameters of Dr. Everett's opinion on this subject will be further discussed prior to trial.

Second, DeKalb objects to the Special Master's recommendation that the jury not be instructed as to the law concerning simultaneous conception and reduction to practice. The Special Master, however, qualified his recommendation by alternatively suggesting some instruction on this subject. The court clarifies that the jury will be given an appropriate instruction on how to apply this evidence presented at trial. The jury will not be instructed as to the legal consequences of its determinations concerning conception and reduction to practice. This issue will be discussed further by the court at an instruction conference upon the submission of proposed jury instructions and objections by the

parties. While the final jury instructions to be given will be decided at the close of the evidence, the court will require jury instructions, including any on conception and reduction to practice, be submitted prior to trial and will meet with the parties before trial to discuss all instructions.[2]

Third, DeKalb objects to the Special Master's recommendation precluding all argument, discussion and opinion testimony concerning any rule of law of simultaneous conception and reduction to practice. As stated above, the court accepts the Special Master's recommendation that DeKalb be precluded from offering testimony as to the legal consequences of simultaneity and be limited to offering evidence directed to the scientific facts demonstrating simultaneous conception and reduction to practice. However, DeKalb is not prohibited from addressing the evidence it intends to prove at trial. For example, DeKalb may, in its opening statement, comment on evidence it intends to present through witnesses and exhibits concerning, among other issues, simultaneous conception and reduction to practice. Furthermore, DeKalb may summarize the evidence presented at trial, including that of conception and reduction to practice, in its closing statements.

## Conclusion

---

[2] DeKalb is ordered to submit all instructions by January 16, 2001 and Pioneer by January 23, 2001. Each party may file objections to proposed instructions by February 1, 2001.

For the reasons set forth above, the Report and Recommendation of the Special Master is accepted with the clarifications stated herein. Pioneer's motion in limine is denied as set forth in this order.

ENTER:

*Philip G. Reinhard*
**PHILIP G. REINHARD, JUDGE**
**UNITED STATES DISTRICT COURT**

DATED: December 29, 2000