Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 50112 | **DATE** | 01/05/2001 |
| **CASE TITLE** | | DeKalb vs. Pioneer | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the court accepts and adopts the Special Master's Report and Recommendation pertaining to Pioneer's motions for summary judgment that the DeKalb '956 patent be found, as a matter of law, invalid under sections 102, 103 and 112, and denies Pioneer's motions accordingly. Defendant's motion for oral argument is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN - 5 2001 | 523 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 01 JAN -5 PM 3:42 | 1-5-01 date mailed notice | |
| /SEC | courtroom deputy's initials | FILED-MO Date/time received in central Clerk's Office | SW mailing deputy initials | |



DEKALB GENETICS CORPORATION, )
)
      Plaintiff, )
)
v. ) No. 96 C 50112
)
PIONEER HI-BRED )
   INTERNATIONAL, INC., )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

### Introduction

Pending before the court are defendant Pioneer Hi-Bred International Inc.'s ("Pioneer") motions for summary judgment, filed pursuant to Fed.R.Civ.P. 56, for rulings that plaintiff DeKalb Genetics Corporation's ("DeKalb") U.S. Patent No. 5,484,956 (the "'956 patent") is invalid under 35 U.S.C. §§ 102 and 103 and that the '956 patent fails to comply with the requirements set forth in section 112. The parties have submitted briefs on the pending issues and the briefs have been forwarded to the Special Master for his Report and Recommendation pursuant to Rule 53(e). The Special Master's Report and Recommendation was submitted to the court and filed on November 16, 2000 and the parties have been afforded the opportunity to make objections to the Special Master's Report in accordance with Fed.R.Civ.P. 53(e). Pioneer filed objections to the Special Master's Report, which will be addressed in the court's opinion

herein. The court reviews the Special Master's legal conclusions *de novo*, and accepts the findings of fact in the Report and Recommendation unless they are clearly erroneous. Cook v. Neidert, 142 F.3d 1004, 1010 (7th Cir. 1998). As discussed below, the court hereby accepts the Special Master's Recommendation in its entirety and denies Pioneer's motions for summary judgment on all issues regarding validity.

## Analysis

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), is as appropriate in a patent case as it is in any other case. C.R.Bard, Inc. v. Advanced Cardiovascular Sys., Inc., 911 F.2d 670, 672 (Fed. Cir. 1990). A motion for summary judgment is properly granted when there is no genuine issue as to any material fact, consequently entitling the moving party to a judgment as a matter of law. General Elec. Co. v. Nintendo, Co., 179 F.3d 1350, 1353 (Fed. Cir. 1999). "When ruling on a motion for summary judgment, all of the non-movant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor." Stryker Corp. v. Davol Inc., No. 99-1202, 99-1555, 2000 App. Lexis 31527 (Fed. Cir. Dec. 12, 2000); see Caterpillar Inc. v. Deere & Co., 224 F.3d 1374, 1379 (Fed. Cir. 2000) ("Summary judgment is improper 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'").

Therefore, the movant bears the burden of demonstrating the absence of any genuine issue of material fact and the party so moving is entitled to judgment as a matter of law. When challenging the validity of an issued patent, the movant faces the burden of overcoming the presumption of validity afforded by 35 U.S.C. § 282 which requires the party challenging validity to prove the facts establishing invalidity by clear and convincing evidence. Stryker, 2000 App. Lexis at *17 (citing Verdegaal Bros., Inc. v. Union Oil Co., 814 F.2d 628, 631 (Fed. Cir), cert. denied, 484 U.S. 827 (1987)). Therefore, to succeed on any of its motions for summary judgment, Pioneer must prove by clear and convincing evidence that the '956 patent is invalid under either section 112, section 102(b) or section 103.

In its first motion for summary judgment, Pioneer contends that the '956 patent cannot possibly comply with 35 U.S.C. § 112 if it is to be construed in accordance with the Special Master's prior Markman ruling of claim construction. Pioneer's section 112 argument is tied to the positions taken in its motion for summary judgment with regard to sections 102(b) and 103. Therein, Pioneer argues that if the claims of the '956 patent are found to be sufficiently enabling and definite, then the limitations of the claims are either anticipated or rendered obvious by cited prior art. DeKalb responds that the '956 patent complies with the written description, enablement and best mode

3

requirements articulated in section 112 and is afforded the presumption of such compliance pursuant to 35 U.S.C. § 282. Al-Site Corp. v. VSI Int'l., Inc., 174 F.3d 1308, 1323 (Fed. Cir. 1999) ("Issued patents have a strong presumption of validity in infringement proceedings."). Alternatively, DeKalb argues that since these section 112 enablement and written description questions are based on disputed facts, these issues should be resolved by the jury and cannot be decided on Pioneer's present motion for summary judgment. Johns Hopkins Univ. v. CellPro, Inc., 152 F.3d 1342, 1344 (Fed. Cir. 1998). The Special Master agreed with DeKalb and found that the question of sufficiency of the '956 patent in terms of section 112 is appropriate to go to the jury in light of disputed issues of material fact.

Pioneer objected to the Special Master's reliance on the Michael Stephens Litigation Declaration to find the existence of geniune issues of material fact to preclude summary judgment on the issue of enablement. (Pioneer's Obj., p. 6) Concerning the written description requirement of section 112, Pioneer also objected to the Special Master's construction of the "DNA encoding *Bacillus thuringensisI endotoxin*" functional limitation of the '956 patent and conclusion in his recommendation that this issue be given to the jury. (Pioneer's Obj., p. 13) Pioneer further objected to the Special Master's recommendation to deny its motion for summary judgment on best mode, stating that the

Special Master improperly excluded evidence that was necessary in the assessment of Pioneer's evidence going to its burden of proving invalidity. (Pioneer's Obj., p. 14)

The court accepts the Special Master's recommendation that genuine issues of material fact exist regarding the compliance of section 112 which preclude the court from deciding the issue as a matter of law. Thus, Pioneer's motion for summary judgment that the '956 patent fails to meet the requirements of section 112 is denied.

Pioneer's second motion seeks a finding that the '956 patent is invalid under 35 U.S.C. § 102(b) of section 103. As for section 102, Pioneer contends that a prior publication discloses each and every element in the claimed invention of the '956 patent to render the '956 patent invalid as anticipated. Atlas Powder Co. v. Ireco, Inc., 190 F.3d 1342, 1346 (Fed. Cir. 1999). Specifically, Pioneer asserts that the article entitled, *Foreign Genes in Plants: Transfer, Structure, Expression and Applications* written by Weising et al. which appeared in the Annual Review of Genetics in April 1998 sufficiently discloses the claimed elements of the '956 patent to invalidate the patent under section 102(b). DeKalb relies on the fact that the allegedly anticipating Weising reference was before the patent examiner during the patent's prosecution. Moreover, DeKalb relies on its

successful arguments to the patent examiner in distinguishing the '956 patent from the cited prior art references.

The Special Master found DeKalb's renewed arguments regarding prior art that was before the patent examiner during prosecution of the issued '956 patent sufficient to provide a basis for a reasonable jury to find in favor of DeKalb. Pioneer objected to the Special Master's reluctance to find the additional materials cited within the Weising article to be incorporated by reference into the four corners of the Weising article for purposes of anticipation. (Pioneer's Obj., pp. 18-19) The court accepts the Special Master's recommendation that Pioneer has failed to overcome its burden of proving by clear and convincing evidence that the '956 patent is invalid by anticipation and denies Pioneer's motion for summary judgment under section 102(b).

Third, Pioneer seeks judgment as a matter of law that the '956 patent is invalid as obvious under section 103. Pioneer asserts that the Weising prior art reference renders the invention claimed in the '956 patent obvious to one of ordinary skill in the art of the invention. Al-Site, 174 F.3d at 1323. In response, DeKalb relies on the prosecution of the '956 patent where the patent examiner withdrew its section 103 objections directed to the Weising reference. The Special Master did not find the evidence cited in Pioneer's briefs to rebut DeKalb's

6

arguments sufficient to overcome the presumption that the '956 patent is valid. Pioneer objected to the Special Master's alleged failure to find the Weising article (including the references cited therein) sufficient to render the '956 patent invalid as obvious. (Pioneer's Obj., p. 22) The court agrees with the Special Master's recommendation that the resolution of the remaining disputed genuine facts concerning obviousness is better suited for the jury to decide. Thus, Pioneer's motion for summary judgment that the '956 patent is invalid for obviousness is also denied.

## Conclusion

In conclusion, the court accepts and adopts the Special Master's Report and Recommendation in its entirety pertaining to Pioneer's motions for summary judgement that the DeKalb '956 patent be found, as a matter of law, invalid under sections 102, 103 and 112 and denies Pioneer's motions accordingly.

E N T E R:

_____
PHILIP G. REINHARD, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 5, 2001