Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 50112 / 96 C 50241<br>96 C 50114 / 96 C 50284 | **DATE** | 11/27/2002 |
| **CASE TITLE** | DeKalb Genetics Corp. vs. Mycogen Plant Science, Inc. and Pioneer Hi-Bred International, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Aventis' motion to intervene to unseal settlement agreements is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | DEC - 2 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2002 NOV 27 PM 3:33<br>FILED-WD | 11/27/02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | CR mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Aventis CropScience, N.V. ("Aventis") has moved to intervene in the now terminated cases of <u>DeKalb Genetics Corp. v. Mycogen Plant Science, Inc.</u>, No. 96 C 50112, and <u>DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l, Inc.</u>, Nos. 96 C 50241, 96 C 50114, 96 C 50284 (collectively referred to as the "DeKalb Genetics cases") for the limited purpose of unsealing the settlement agreements in these cases.[1] Aventis contends the settlement agreements would be discoverable in pending litigation between the same parties in federal courts in Missouri and North Carolina, the settlement agreements are related to the evaluation of a reasonable royalty in Aventis' pending case in Missouri, and the settlement agreements would avoid duplicative discovery if unsealed. The parties to the DeKalb Genetics cases, DeKalb Genetics Corp., Mycogen Plant Science, Inc., and Pioneer Hi-Bred International, Inc. oppose the unsealing of the settlement agreements in a joint response brief.

As the court explained in <u>Jessup v. Luther</u>, 277 F.3d 926 (7th Cir. 2002), settlement agreements are ordinarily private documents, i.e., private contracts, which are not judicial records. <u>See id.</u> at 928. Aventis primarily relies on <u>Jessup</u> to assert that the sealing of the settlement agreements by the court suggests that the court maintained jurisdiction over the cases, which removes the private nature of the contracts. However, there is one distinct difference between the <u>Jessup</u> case and the pending motion.

The settlement agreements in <u>Jessup</u> were not only sealed by the court, but the agreements were filed in the court record. <u>Id.</u> at 927. The parties in the DeKalb Genetics cases, on the other hand, did not file the settlement agreements with this court. Therefore, unlike <u>Jessup</u> the agreements were not submitted and approved by the court.[2] Put simply, the court cannot unseal what it does not have.[3] Moreover, <u>Jessup</u> primarily relied on the fact that the settlement agreements at issue were filed in the court files reflecting judicial input, which presumptively made the settlement agreements public documents. <u>Id.</u> at 929-30. In the instant case that presumption is not present because the documents Aventis seeks were never filed with the court, which indicates that the documents are not public documents but rather are still private contracts. <u>See id.</u> at 929 ("The public has an interest in knowing what terms of a settlement a federal judge would approve . . . . All this would be of no moment, however, if the agreement were not in the files of the court"); <u>See also</u> <u>Herrnreiter v. Chicago Hous. Auth.</u>, 281 F.3d 634, 637 ("Everything that has been filed in this court will be placed in the public record").

For the foregoing reasons, Aventis' motion to intervene to unseal settlement agreements is denied.

---

[1] Although not cited by Aventis, its motion is presumably filed under Fed. R. Civ. P. 24. The court also notes another procedural quirk in Aventis' motion. At the time Aventis filed its motion to intervene, both the 96 C 50112 and 96 C 50241 cases had been dismissed in their entirety, while the remaining two cases had been partially dismissed. By the time the briefing was completed on Aventis' motion, however, these remaining two cases, 96 C 50114 and 96 C 50284, had been dismissed in their entirety as well. One cannot intervene in a dismissed case. <u>See Hofheimer v. McIntee</u>, 179 F.2d 789, 792 (7th Cir.), <u>cert. denied</u>, 340 U.S. 817 (1950).

[2] The retaining of jurisdiction for thirty days language in the court's orders in the DeKalb Genetics cases does not suggest that the court approved of the settlement agreements because that approval was not embodied in a judicial order retaining jurisdiction. <u>Jessup</u>, 227 F.3d at 929.

[3] The fact that the settlement agreements were not placed in the court files lends itself to the conclusion that this court's order sealing the terms of the settlement agreements may have had no legal significance because just as the court cannot unseal what it does not have, neither can it seal what it does not have. <u>See, e.g., Jessup</u> 227 F.3d at 929.